## WILLIAM J. KENNERLEY, Libellant,

*v.*

## SCHOONER "D. J. SAWYER," ETC., Respt.

---

San Juan, Admiralty, No. 1079.

ON MOTION OF RESPONDENT TO REQUIRE FILING OF BOND FOR DAMAGES.

Rules of Court—Admiralty.

1. The order making effective the present rules of this court and

Kennerley v. The "D. J. Sawyer."

providing that all previous rules be null and void had no reference to admiralty rules, and left the existing admiralty rules in force.

Adm'ralty—Libellant's Stipulation for Damages.

2. Under admiralty rule 4 of this court, requiring a libellant to file a stipulation for damages prior to arrest and seizure, in a sum not less than $100 nor more than the amount claimed in the libel, the amount of such stipulation is within the discretion of the court; as to the amount this rule is discretionary, and not mandatory.

Same.

3. Rule 4 held not to apply to this case, because the court, in order to determine the possible damages to claimants and fix the stipulation thereby, would have to try the case in advance; Rev. Stat. 941, Comp. Stat. 1913, § 1567, gives claimants an adequate remedy.

Admiralty—Practice—Damages Caused by Libel.

4. The proper way for a claimant to raise the question of damages for filing a libel is by cross libel, but it seems that such damages can only be obtained where the libel is filed in bad faith.

Opinion filed July 29, 1915.

_____

*Mr. O. P. Frazer* for libellant.

*Messrs. Fajardo & Ramirez* for respondent.

HAMILTON, Judge, delivered the following opinion:

A motion is made by one of the Fajardos claiming to act for the heirs of Pascasio Fajardo, alleging that the schooner is under contract to carry machinery to Venezuela, and setting up that its detention will cause these claimants great loss; and the claimants pray that an order be issued requiring libellant to file a bond to cover any damages which may be caused to them by reason of libellant's attachment of the schooner "Saw-

Kennerley v. The "D. J. Sawyer."

yer," and that proceedings be stayed until such security is given.

1. The claimants rely upon admiralty rule 4 of this court. In reply to that the libellant in the first place says that rule 4 is not in existence, having been abolished by the court when it adopted rules that are printed and now in force. It would seem proper to pass upon that claim. The court cannot assent to this view of the case. It seems that the rules of this court have been in two pamphlets, one the general rules and the other admiralty rules, and what were repealed by the adoption of the new rules were the general rules. The court had no intention of leaving this jurisdiction without admiralty rules.

2. There are other matters set up in reply which possibly deserve fuller consideration. Rule 4, which is cited, says that before the process of arrest and seizure of a vessel is issued, there shall be executed in the clerk's office a stipulation with sufficient surety of not less than $100, nor more than the amount claimed in the libel, conditioned that the obligors will pay the owner all the damages which shall have been occasioned by the proceeding and arrest and detention of the vessel or property. This rule is rather an unusual one, and the court will have to regard it as somewhat discretionary with the court. It provides for a sliding scale. It gives no standard by which to adjust the scale, so I will consider that the rule is discretionary, and not mandatory as to the amount.

3. Going on to look at the facts of the case, it would seem that there are laws which sufficiently cover the matter anyhow, one being Rev. Stat. § 941, Comp. Stat. 1913, § 1567, which covers the usual practice in such cases. If the claimant wishes to get the ship free from the claim, he puts up a bond in the

Kennerley v. The "D. J. Sawyer."

amount prescribed by this rule or this section. It would be very difficult to enforce rule 4, except under exceptional circumstances, which do not seem to arise here. It would make the court try the case in advance. It would be somewhat similar to trying a case upon an application for an injunction. The court would have to hear all about this contract and practically try the case before it could fix the bond, and that surely is not the object of the rule. There would be no going ahead with business. So that the court will not consider rule 4 as applying to this situation.

4. It would seem that this question of the liability of the libellant has been raised a number of times, and it has been decided that unless there is evidence of bad faith, which does not appear here, there is no liability for filing the libel. All the libellant is required to do is to deposit his costs, which are fixed by the court and are supposed to be adequate. In a number of cases the question has come up by cross libel, and it would seem that this is the proper way to raise it. It is really a cross suit growing out of the circumstances of the libel itself, and a direct result of it, so that it would seem that a cross libel would be the way to raise this if it is to be raised at all. The cases cited are: Portland Shipping Co. v. The Alex Gibson, 44 Fed. 371; The Wasco, 53 Fed. 546; The Alcalde, 132 Fed. 576; The Admiral Cecille, 134 Fed. 673. These and other cases seem to indicate, however, that the point could not be adjudged in favor of the claimant; but it is not necessary to decide on this point.

All that is decided right now is that the point does not come up necessarily under rule 4, but must be raised, if at all, by some appropriate pleading, so the motion is denied.